UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

CINDY MITCHELL                                                                                         PLAINTIFF

v.                                                         CIVIL ACTION NO. 5:22CV-P152-JHM

PROBATION & PAROLE *et al.*                                                              DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff Cindy Mitchell filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is now before the Court upon initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss Plaintiff's claims.

**I. SUMMARY OF FACTUAL ALLEGATIONS**

Plaintiff, an inmate at the McCracken County Jail, originally filed a complaint on her own paper naming as Defendants "Probation & Parole" and Officer Alexi Collum[1] (DN 1). The Clerk of Court issued a notice of deficiency to Plaintiff directing her to file her complaint on the Court's approved form, among other deficiencies to be corrected (DN 4). Plaintiff then filed a document containing pages 2, 3, 4, and 6 of the complaint form, which the Court construes as an amended complaint (DN 7). That document lists Collum as the only Defendant and indicates that Plaintiff is suing her in her individual and official capacity. Construing the complaint and amended complaint broadly, the Court will consider both "Probation & Parole" and Collum as Defendants.

The allegations in the amended complaint are substantially identical to the allegations in the original complaint. In the amended complaint, Plaintiff alleges, "I've had Alexi Collum as a

---

[1] Plaintiff spells this Defendant's last name "Collom" in her original complaint and "Collum" in her amended complaint. For ease of reference, the Court will use the spelling "Collum" herein.

Probation & Parole officer ever since 2019 this has not been fair to me there is a law that was passed up to 3 sanctions for probationers & parolees.  She has deliberately discriminated on me and she has never offered to sanction me."

As relief, Plaintiff seeks money damages.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

## III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere.  *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351

(6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. *"Probation & Parole"*

The Division of Probation and Parole is a state agency within the Justice and Public Safety Cabinet of the Commonwealth of Kentucky. *See White v. Franks*, No. 2001-CA-001018-MR, 2003 Ky. App. Unpub. LEXIS 1302, 2003 WL 22520440, at *13 (Ky. Ct. App. Nov. 7, 2003). Any claim against a state or its agencies is barred by sovereign immunity under the Eleventh Amendment to the United States Constitution. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984). Moreover, a state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, the Court will dismiss Plaintiff's claims against "Probation & Parole" for seeking damages from a defendant immune from such relief and for failure to state a claim upon which relief may be granted.

### B. *Collum*

With regard to Plaintiff's official-capacity claim against Collum, a suit for damages against a state employee sued in her official capacity must be dismissed because state officials sued in their official capacities for damages are also immune from liability under the Eleventh Amendment. *Will*, 491 U.S. at 71; *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This

3

[Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Second, state officials sued in their official capacities are not "person[s]" subject to suit within the meaning of § 1983. *Will*, 491 U.S. at 71; *see also Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Therefore, the Court will dismiss Plaintiff's official-capacity claim against Collum for seeking damages from a defendant immune from such relief and for failure to state a claim upon which relief may be granted.

As to Plaintiff's claim against Collum in her individual capacity, a probation officer performing duties to ensure that a probationer is complying with the terms of probation and evaluating that compliance is entitled to absolute, quasi-judicial immunity from liability in a civil-rights action. *See Loggins v. Franklin Cnty., Ohio*, 218 F. App'x 466, 476-77 (6th Cir. 2007); *Timson v. Wright*, 532 F.3d 552, 552 (6th Cir. 1976) (per curiam). Plaintiff's allegations against Collum concern her performance of her duty as a probation officer. As such, Plaintiff's individual-capacity claim against Collum must be dismissed for failure to state a claim .

## IV. CONCLUSION

For the foregoing reasons, the Court will enter a separate Order dismissing the action.

Date: May 23, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.010